United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 16, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 05-60165
Summary Calendar
_____

OMEGA PROTEIN INC,

Petitioner,

versus

GERALD J DRUILHET; DIRECTOR, OFFICE OF WORKER'S COMPENSATION
PROGRAMS, US DEPARTMENT OF LABOR,

Respondents.

_____

Petition for Review of an Order from the Benefits Review Board
(BRB No. 04-0484)

_____

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:[*]

Omega Protein, Inc. ("Omega") appeals the order of the Department of Labor Benefits

Review Board ("BRB") awarding benefits to former employee, Gerald Jerome Druilhet, pursuant to

the Longshore and Harbor Workers' Compensation Act ("LHWCA"). 33 U.S.C. §§ 901 *et seq.*

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

In Sept ember 2000, while working as a dock supervisor for Omega, Druilhet was injured when he was "sucked in" by a ten-inch suction hose normally used by Omega to remove fish from the holds of vessels. He sustained a broken right femur and pelvis, as well as injuries to his gallbladder, kidneys and teeth. In July 2001, Druilhet returned to work, at his regular wage rate, in a lighter duty position as a night shift supervisor. In December, he was terminated when Omega eliminated his position. Omega offered him work as a warehouse clerk, and Druilhet declined the offer.

Druilhet then sought and was awarded disability benefits from the date of his layoff from an Administrative Law Judge ("ALJ"). The ALJ held that Druilhet satisfied his burden under the LHWCA to make a *prima facie* case that he was disabled and held that Omega failed to satisfy its burden to establish that suitable alternate employment was available. In particular, the ALJ found that the position of warehouse clerk, offered to Druilhet after the night supervisor position was eliminated, was not suitable. The award was then reviewed on appeal by the BRB, who affirmed the ALJ's finding that the position of warehouse clerk was not suitable. Omega then appealed to this Court.

II.

We have jurisdiction to review Omega's appeal pursuant to 33 U.S.C. § 921(c) and FED. R. APP. P. 15(a). We review BRB decisions *de novo*, applying the same standard as does the BRB, upholding the decision of the ALJ when it is in accordance with law and supported by substantial evidence. 33 U.S.C. § 921(b)(3); *New Thoughts Finishing Co. v. Chilton*, 118 F.3d 1028, 1030 (5th Cir. 1997).

III.

Under the LHWCA, a claimant must first must make a *prima facie* showing that he is

disabled. A claimant is disabled within the meaning of the LHWCA when he is unable to perform his usual employment duties due to a work-related disability. *See* 33 USC §§ 902(10), 908 (a, c). After a claimant makes a *prima facie* showing of disability, the burden shifts to the employer to establish the availability of suitable alternate employment. *See Roger's Terminal & Shipping Corp. v. Director, Office of Worker's Comp. Programs*, 784 F.2d 687, 690 (5th Cir. 1986).

Omega does not dispute that Druilhet met his burden to make a *prima facie* showing that he was disabled within the meaning of LHWCA. Therefore, we only consider whether the ALJ's finding that Omega failed to establish the existence of suitable alternate employment is supported by substantial evidence.

## A.

A job is suitable alternate employment if it is a job that the claimant is capable of, or capable of being trained to do, given the claimant's age, his professional background, and his physical and mental capacities following his injury. *See New Orleans (Gulfwide) Stevedores v. Turner*, 661 F.2d 1031, 1042 (5th Cir. Unit A Nov. 1981). However, an employer need not provide a specific job for a claimant. Rather, it can satisfy its burden by establishing that the claimant is able to compete for, and likely to secure, a suitable alternate job in the claimant's relevant labor market. *See id.*

Omega never identified suitable jobs available to Druilhet in the relevant labor market. Rather, it offered Druilhet a specific job as warehouse clerk, which Druilhet declined to accept. We, therefore, consider whether this specific job offer is sufficient to satisfy Omega's burden of establishing the availability of suitable alternate employment.

## B.

Suitable alternate employment must be employment that the claimant is physically capable of

3

performing. *See id.* Various pieces of evidence were presented to the ALJ to support the conclusion that Druilhet was not capable of performing the job of warehouse clerk. The evidence included the testimony of a certified vocational expert who testified that the warehouse clerk position involved activities beyond the physical restrictions placed on Druilhet. Specifically, he noted that while Druilhet was only capable of standing and walking for fifteen minutes at a time, the position of warehouse clerk required frequent walking on concrete floors. The expert also noted that Druilhet would not be able to perform the duties of climbing and carrying heavy objects required of a warehouse clerk. In addition, the ALJ's finding that Druilhet was physically incapable of performing the job is supported by the undisputed fact that Omega never consulted Druilhet's physician about whether Druilhet was capable of performing the duties of warehouse clerk.

Given this evidence, we conclude that there was substantial evidence to support the ALJ's conclusion that Omega did not satisfy its burden.

C.

Omega argues that Druilhet failed to prove that he actively sought employment other than the warehouse clerk position. However, this duty on the part of a claimant is not triggered until the employer establishes the availability of suitable alternate employment. *See Roger's Terminal and Shipping Corp.*, 784 F.2d at 691. In the LHWCA's burden shifting scheme, where Omega failed to satisfy its burden to establish the availability of suitable alternate employment, the burden does not shift back to Druilhet to establish that he actively sought employment.

CONCLUSION

Because there was substantial evidence to support the ALJ's conclusion that Druilhet was not physically capable of performing the job of warehouse clerk, we conclude that Omega did not satisfy

4

its burden of establishing the availability of suitable alternate employment. Therefore, the BRB's ruling is AFFIRMED.